JOHN P. HICKMAN, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, ON COMPLAINT OF THE COMMISSIONER OF BANKING AND INSURANCE, DEFENDANT IN ERROR.

Argued June 7, 1898—Decided November 7, 1898.

1. The title "An act to provide for the incorporation and regulation of insurance companies" (*Gen. Stat.,* ¶¶ 103, 118, *tit.* "*Insurance*"), warrants legislation regulating the business in this state of foreign insurance companies and the prosecution of their agents for unlawfully transacting business in their behalf. Such legislation under that title is not obnoxious to the constitutional injunction that every law shall embrace but one object, and that shall be expressed in its title.

2. Provisions as to individual insurance are not within such title, but are separable and do not avoid the act..

3. Objections to the authorized execution of a judgment against an agent for a penalty imposed by the act are not available in defence of a suit to recover such penalty.

4. Restraining individuals from acting as agents of foreign insurance companies does not abridge any right guaranteed by the state or federal constitutions.

On error to the Circuit Court of the county of Middlesex.

On complaint of the commissioner of banking and insurance, an action was brought in the Circuit Court of the county of Middlesex, in the name of the state, against John P. Hickman, for negotiating in the city of New Brunswick, as agent for the Mercantile Mutual Fire Insurance Company, of Philadelphia, a corporation of the State of Pennsylvania, a contract of insurance of certain property in New Brunswick against loss or damage by fire, neither said company nor said agent being authorized to transact business in the State of New Jersey, under the insurance laws of the state, cited in the declaration. To this declaration a general demurrer was interposed, and from final judgment thereon in favor of the plaintiff, this writ of error is brought.

Before Justices LUDLOW and COLLINS.

For the plaintiff in error, *Theodore B. Booraem.*

For the defendant in error, *Howard W. Hayes.*

The opinion of the court was delivered by

COLLINS, J.   On April 9th, 1875, the insurance laws of this state were revised and compiled under the following title: "An act to provide for the regulation and incorporation of insurance companies. I. As to the insurance companies of other states doing business within this state. II. As to the insurance companies of this state."

In the official Revision and later publication of the General Statutes, these subdivisions are omitted from the title, but in the edition printed by order of the governor, in 1875 (at page 72), and in the original act on file in the office of the secretary of state, they appear as well in the title as prefacing the appropriate sections of the act as in the Revision.

By this statute, in sections 1 to 3, every foreign insurance company desiring to transact business in this state is required to furnish to the secretary of state, in January of each year, a statement of its financial condition and on or before February 1st to pay a license fee. Whereupon, if the statement shows the existence of certain requirements of the statute, the company receives a certificate of authority to transact business in this state. By section 8 it is, among other things, made unlawful for any person to effect insurance in behalf of any person or insurance company or association not incorporated under the laws of this state, and by section 9 every violation of section 8 subjects the person violating to a penalty of $500, to be sued for and recovered in the name of the state by the prosecutor of the pleas of the county in which the violation shall occur. Provision is then made for the disposal of the penalty. The act also contains prerequisites for the transaction of business by domestic companies and for certificates of authority to insurance brokers.

On March 8th, 1877 (*Pamph. L.*, p. 100), there was approved "A supplement to an act entitled 'An act to provide for the incorporation and regulation of insurance companies,' approved April 9th, 1875." This act was amended, by an act quoting its title, April 4th, 1889 (*Gen. Stat.*, p. 1762, *pl.* 103), and further amended, by an act quoting its title, March 25th, 1892 (*Gen. Stat.*, p. 1765, *pl.* 118). I quote the pertinent sections as amended:

"6. It shall be unlawful for any company, corporation or association of any kind whatsoever, incorporated or organized under the laws of this state or of any other state or nation, itself or by its agents, solicitors, surveyors, canvassers or other representatives of whatever designation, or for any such agent,

solicitor, surveyor, canvasser or other representative, or any individual or firm, whether on behalf of any such company, corporation or association or not, to solicit or negotiate any contract of insurance of any kind, or sign, deliver or transmit, by mail or otherwise, any policy, certificate of membership or certificate of renewal thereof, or receive any premium, commission, fee or other payment thereon, on any property or thing, or on the life, health or safety of any person, or in any manner, directly or indirectly, to transact the business of insurance of any kind whatsoever, within this state, unless such company, corporation or association, individual or firm, shall be authorized to transact business in this state under the provisions of the act to which this is a supplement, and the supplements thereto.

"7. The penalty for each and every violation of this act, and of the act to which this is a supplement, and the supplements thereto, shall be five hundred dollars, and all costs of suit, to be sued for and collected on complaint and in the name of the state, by the commissioner of insurance and banking; the first process against any person complained of may be a capias ad respondendum, and the person or persons against whom any judgment shall be obtained shall be committed to the county jail until such penalty and costs are paid."

Provision is then made for disposal of the penalty. It is contended for the plaintiff in error that this legislation is obnoxious to article 4, section 7, paragraph 4 of the state constitution, which enjoins that "every law shall embrace but one object, and that shall be expressed in its title." It is claimed that the legislative object, as gathered from the enactment, is the regulation of the whole business of insurance, while the title of neither act cited expresses more than a purpose to legislate as to insurance by corporations. Conceding this claim, the legislation is not, therefore, void. The provisions as to individual insurance are separable, and the others will be valid although those may fail. Such is the general rule on the subject of separable provisions not within the title

of a statute (*Rader* v. *Township of Union,* 10 *Vroom* 509 ;
*Golden Star Fraternity* v. *Martin,* 30 *Id.* 207), and such result
is to be implied from the recent decision of this court that in-
dividual insurance is not within the title of the act in ques-
tion. *Schenck* v. *State,* 31 *Id.* 381.

It is next contended that the prosecution of an individual
for acting as agent of an interdicted company, is not within
the title of the act that authorizes it. The decree of particu-
larity to be used in the title of a statute rests in legislative
discretion. Provisions incidental to the general object ex-
pressed are permissible. *Walter* v. *Town of Union,* 4 *Vroom*
350 ; *Doyle* v. *Newark,* 5 *Id.* 236 ; *Van Riper* v. *North Plain-
field,* 14 *Id.* 349 ; *Payne* v. *Mahon,* 15 *Id.* 213 ; *Johnson* v.
*Asbury Park,* 31 *Id.* 427. Corporations must act through
agents, and the sanction of a restrictive statute affecting them
may fairly be visited upon their agents. Such a sanction is
purely incidental to the general object of their regulation.
This has been directly adjudged, in resolving the same ques-
tion now raised, under similar constitutional provisions. *Hart-
ford Fire Insurance Co.* v. *Raymond,* 70 *Mich.* 485 ; *State*
v. *Morgan,* 2 *S. Dak.* 32 ; 48 *N. W. Rep.* 314.

A question of more difficulty is presented by the suggestion
that the title, above quoted, of the supplement of 1877 does
not extend to foreign corporations. This cannot be argued as
to the original act, but is plausible as to the supplement which
misquotes and curtails its title. The reference to the former
act is sufficient to unite to it the new statute; but in applying
the constitutional test to titles of statutes, each act must stand
or fall by its own title. *Schmalz* v. *Woolley,* 12 *Dick. Ch.
Rep.* 303. I think, however, that the title, "A supplement to
an act entitled 'An act to provide for the incorporation and
regulation of insurance companies,'" fairly extends to the
regulation of all insurance companies, foreign as well as do-
mestic, and is not limited to the incorporation of companies
and the regulation of those so incorporated. My opinion,
that the narrow view of such a limitation is untenable, is con-
firmed by that of the present Chancellor in two well-consid-

ered cases where the question was presented with reference to a title much more rigid than that now involved. The title of the General Railroad law is "An act to authorize the formation of railroad corporations and regulate the same." In *Montclair* v. *New York and Greenwood Lake Railway Co.*, 18 *Stew. Eq.* 436, it was decided, and in *Stockton* v. *Central Railroad Co.*, 5 *Dick. Ch. Rep.* 52, reaffirmed, that such title indicated "that the legislative intent was to enact a general law which would regulate all railroad corporations and at the same time authorize the formation of new ones."

The plaintiff in error also complains that, by the statute on which he has been sued, his right under the state and federal constitutions to pursue a lawful business is abridged. If to pursue the business of insurance be considered as one of the natural rights of man, the right to act as agent of a foreign corporation engaged in that business certainly is not such. It is settled beyond controversy that one state may forbid an insurance company of another state from doing business at all within its territory, or may at pleasure impose conditions on such business and may punish individuals for acting as the agents of an interdicted company. *Paul* v. *Virginia*, 8 *Wall.* 168; *Hooper* v. *California*, 155 *U. S.* 648.

This disposes of the only questions really raised by the demurrer. It is contended that the provisions for execution of the judgment are unconstitutional. It is not necessary to discuss or even state the reasons given for this contention. They do not impress me as sound, but whether so or not they do not go to the merits of the judgment, and will be available to the defendant, when execution issues, if he desires then to present them. The challenged provisions are clearly separable from the other parts of the statute.

The judgment of the Middlesex Circuit will be affirmed.